DILAN A. ESPER (State Bar No. 178293)
HENRY L. SELF III (State Bar No. 223153)
HARDER LLP
132 South Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Telephone:  (424) 203-1600
Facsimile:   (424) 203-1601
Email: desper@harderllp.com
hself@harderllp.com

Attorneys for Defendant
SAMANTHA RABINOWITZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENDMOOD, INC.,<br><br>            Plaintiff,<br><br>       vs.<br><br>SAMANTHA RABINOWITZ, an individual, and DOES 1–10, inclusive,<br><br>            Defendants. | Case No. 2:20-cv-10877 MCS(RAOx)<br><br>**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PURSUANT TO ANTI-SLAPP STATUTE OR, ALTERNATIVELY, TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: June 21, 2021<br>Time: 9:00 a.m.<br>Location: Crtrm. 7C, 1st St. Courthouse<br>Action Filed:  November 30, 2020 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 21, 2021, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7C, located at the United States District Court, 350 West 1st Street, Los Angeles, California 90012, the Honorable Mark C. Scarsi presiding, defendant Samantha Rabinowitz will and hereby does move for an order striking the First Amended Complaint in its entirety, with prejudice, and awarding her attorneys' fees and costs pursuant to California Code of Civil Procedure Section 425.16 or, alternatively, dismissing the operative complaint without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6).

The motion will be made on the grounds that the claims for relief arise from "acts in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" and that the First Amended Complaint fails to state a claim upon which relief can be granted.

The motion shall be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the anticipated reply papers, all materials that may be properly considered in connection with this motion, and oral argument at the hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 12 and 19, 2021.


DATED: May 24, 2021                    HARDER LLP

By:  /s/ Henry L. Self III
        HENRY L. SELF III
Attorneys for Defendant
SAMANTHA RABINOWITZ

SPECIAL MOTION TO STRIKE OR DISMISS FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................1

II.   ARGUMENT ............................................................................2

   A. The Amended Complaint Is Subject to a Special
      Motion to Strike ...................................................................2

         1.  California's Anti-SLAPP Statute Applies to This Action ..........2

         2.  Federal Pleading Standards Govern This Motion to Strike .....3

         3.  Trendmood's Claims Are Subject to a Special
             Motion to Strike ...........................................................3

               a.     The Statute Covers Any Issue In Which the Public
                      May Be Interested .................................................4

               b.     Rabinowitz's Tweet Concerns Issues In Which the
                      Public Is Legitimately Interested ...........................5

         4.  It Is Not Probable That Trendmood Would or Could
             Prevail .......................................................................8

               a.     Rabinowitz's Actual Statement Is Not Libel
                      *Per Se* ...............................................................8

               b.     Rabinowitz's Statement Is Not Libel *Per Quod* .....9

               c.     Trendmood Fails to Adequately Allege Special
                      Damage .............................................................. 11

               d.     Trendmood Fails to Adequately Allege Actual
                      Malice................................................................ 12

               e.     Trendmood Fails to Clearly Identify the Allegedly
                      Defamatory Statement(s) at Issue ....................... 13

5.  **Rabinowitz Is Entitled to Recover Attorneys' Fees and Costs** ............................................................ 14

B.  **The Complaint Is Subject to Dismissal for Failure to State a Claim** ........................................................ 14

III.    **CONCLUSION** ........................................................ 15

SPECIAL MOTION TO STRIKE OR DISMISS FIRST AMENDED COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ashcroft v. Iqbal,*
5     556 U.S. 662 (2009) ................................................................. 12, 14

6

*Barrett v. Rosenthal,*
7     40 Cal.4th 33 (2006) ......................................................................... 8

8

*Bartholomew v. YouTube, LLC,*
9     17 Cal.App.5th 1217 (2017) ............................................................. 9

10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................. 12, 14

11

*Biro v. Condé Nast,*
12     807 F.3d 541 (2d Cir. 2015) ........................................................... 13

13

*Briggs v. Eden Council for Hope & Opportunity,*
14     19 Cal.4th 1106 (1999) ................................................................ 2, 7

15

*Brodeur v. Atlas Entertainment, Inc.,*
16     248 Cal.App.4th 665 (2016) ....................................................... 5, 11

17

*Carver v. Bonds,*
    135 Cal.App.4th 328 (2005) ............................................................ 5

18

*Church of Scientology v. Wollersheim,*
19     42 Cal.App.4th 628 (1996) .............................................................. 4

20

*Cross v. Cooper,*
21     197 Cal.App.4th 357 (2011) ............................................................ 4

22

*Damon v. Ocean Hills Journalism Club,*
    85 Cal.App.4th 468 (2000) .............................................................. 7

23

*Doe v. Gangland Productions, Inc.,*
24     730 F.3d 946 (9th Cir. 2013) ........................................................... 7

25

*Equilon Enter's v. Consumer Cause, Inc.,*
26     29 Cal.4th 53 (2002) ..................................................................... 3, 8

27

*FilmOn.com Inc. v. DoubleVerify Inc.,*
    7 Cal.5th 133 (2019) ....................................................................... 7

28

*Gabrielson v. Montgomery Ward & Co.*,
   785 F.2d 762 (9th Cir. 1986)................................................................. 15

*Gallimore v. State Farm Fire & Casualty Ins. Co.*,
   102 Cal.App.4th 1388 (2002) ................................................................ 4

*Gang v. Hughes*,
   111 F.Supp. 27 (S.D. Cal.1953) ............................................................ 12

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323 (1974) ............................................................................. 12

*Gilbert v. Sykes*,
   147 Cal.App.4th 13 (2007) ................................................................... 5

*Graham-Sult v. Clainos*,
   756 F.3d 724 (9th Cir. 2014)................................................................. 14

*Hofmann Co. v. EI Du Pont de Nemours & Co.*,
   202 Cal.App.3d 390 (1988) .................................................................. 10

*Huntingdon Life Sciences v. SHAC USA*,
   129 Cal.App.4th 1228 (2005) ............................................................... 8

*Ingels v. Westwood One Broadcasting Serv.*,
   129 Cal.App.4th 1050 (2005) ............................................................... 5

*Ludwig v. Superior Court*,
   37 Cal.App.4th 8 (1995)....................................................................... 5

*MacLeod, MacLeod v. Tribune Publishing Co.*,
   52 Cal.2d 536 (1959)........................................................................... 10

*Makaeff v. Trump Univ., LLC*,
   715 F.3d 254 (9th Cir. 2013)................................................................. 12

*Mendoza v. ADP Screening & Selection Services, Inc.*,
   182 Cal.App.4th 1644 (2010) ............................................................... 5

*Michel v. NYP Holdings, Inc.*,
   816 F.3d 686 (11th Cir. 2016)............................................................... 12

*Mindys Cosmetics, Inc. v. Dakar*,
   611 F.3d 590 (9th Cir. 2010)................................................................. 2

*Navellier v. Sletten*,
   29 Cal.4th 82 (2002) ..................................................................... 2, 3, 8

iv

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*,
   724 F.3d 1268 (9th Cir. 2013) ........................................................................ 2

*Nygård, Inc. v. Uusi-Kerttula*,
   159 Cal.App.4th 1027 (2008) .......................................................................... 4

*Palm Springs Tennis Club v. Rangel*,
   73 Cal.App.4th 1 (1999) ................................................................................ 10

*People v. Shivers*,
   235 Cal.App.4th Supp. 8 (2015) ................................................................... 10

*Planned Parenthood v. Center for Medical Prog.*,
   890 F.3d 828 (9th Cir. 2018) ........................................................................... 3

*Salma v. Capon*,
   161 Cal.App.4th 1275 (2008) ........................................................................ 13

*Selleck v. Globe Int'l, Inc.*,
   166 Cal.App.3d 1123 (1985) .......................................................................... 11

*Traditional Cat Ass'n, Inc. v. Gilbreath*,
   118 Cal.App.4th 392 (2004) ............................................................................ 5

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ....................................................................... 14

*Wilbanks v. Wolk*,
   121 Cal.App.4th 883 (2004) ............................................................................ 5

*Wilson v. Cable News Network, Inc.*,
   7 Cal.5th 871 (2019) ........................................................................................ 2

**Statutes**

Cal. Civ. Code § 45 ............................................................................................... 9

Cal. Civ. Code § 45a ........................................................................................ 9, 11

Cal. Civ. Proc. Code § 425.16 ...................................................................... *passim*

Cal. Civ. Proc. Code § 425.16(b)(1) .................................................................. 2, 8

Cal. Civ. Proc. Code § 425.16(c)(1) .................................................................... 14

Cal. Civ. Proc. Code § 425.16(e) ................................................................. 3, 4, 8

Cal. Civ. Proc. Code § 425.16(e)(4) ..................................................................... 4

SPECIAL MOTION TO STRIKE OR DISMISS FIRST AMENDED COMPLAINT

Cal. Penal Code § 653.2 .................................................................. 8, 10

Cal. Penal Code § 653.2(a) ................................................................ 10

Fed. Rule of Civil Procedure 8 ............................................................. 3

Fed. Rule of Civil Procedure 9(g) ....................................................... 12

Fed. Rule of Civil Procedure 12 ........................................................... 3

Fed. Rule of Civil Procedure 12(b)(6) ............................................. 1, 3, 14, 15

Fed. Rule of Civil Procedure 15(a) ..................................................... 13

SPECIAL MOTION TO STRIKE OR DISMISS FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    __INTRODUCTION__

California-based plaintiff Trendmood, Inc. ("Trendmood"), which claims to be a highly popular and successful health, beauty, and cosmetics Internet influencer, is abusing the court system by pursuing this patently meritless libel lawsuit against Canadian citizen Samantha Rabinowitz ("Rabinowitz"). With its defamation action, Trendmood seeks to punish Rabinowitz for various legitimate criticisms that she has published online about the company and its principal during recent years.

Brought primarily to chill the defendant's valid exercise of her free speech rights, Trendmood's retaliatory litigation is a classic example of a strategic lawsuit against public participation ("SLAPP"). As such, it is subject to prompt dismissal under the California anti-SLAPP statute, which applies in federal diversity cases such as this.

All of the counts Trendmood alleges against Rabinowitz in the First Amended Complaint ("FAC") arise from her protected expressive activity, *i.e.*, a single, innocent November 2020 Twitter post that is not reasonably susceptible of the defamatory meaning that Trendmood struggles to force upon it. Even if Rabinowitz's Tweet were so susceptible, however, Trendmood—indisputably a public figure— would still lose on the merits because its pleading completely fails to adequately allege plausible grounds to support any finding that Rabinowitz published her statement with actual malice.

The entire FAC should therefore be stricken with prejudice, and Rabinowitz awarded her attorneys' fees and costs pursuant to California Code of Civil Procedure Section 425.16. In the alternative, Trendmood's operative complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) without leave to amend for failure to state a legally cognizable claim against Rabinowitz.

## II.   **ARGUMENT**

### A.   **The Amended Complaint Is Subject to a Special Motion to Strike**

#### 1.   **California's Anti-SLAPP Statute Applies to This Action**

Trendmood asserts subject matter jurisdiction based on diversity of citizenship. FAC [Dckt. No. 20] ¶ 7 (citing 28 U.S.C. § 1332(a)). California's anti-SLAPP statute applies in federal diversity cases such as this. *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 724 F.3d 1268, 1272 (9th Cir. 2013).

In relevant part, the state law provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1).

Because "it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process . . . this section shall be construed broadly." *Id.* at § 425.16(a); *see Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 596 (9th Cir. 2010) ("we follow the California legislature's direction that the anti-SLAPP statute be 'construed broadly'"); *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1121–22 (1999) ("the broad construction expressly called for in subdivision (a) of section 425.16 is desirable . . . .").

Section 425.16 mandates the use of a two-step process for determining when an action is to be stricken. *Wilson v. Cable News Network, Inc.*, 7 Cal.5th 871, 884 (2019). First, the court decides whether the challenged cause(s) of action arise from protected activity. *Navellier v. Sletten*, 29 Cal.4th 82, 88 (2002) (citing Cal. Civ. Proc. Code § 425.16(b)(1)). If the court finds that such a showing has been made, then the burden shifts to the plaintiff to establish a probability of prevailing on its claims. Cal.

1  Civ. Proc. Code § 425.16(b)(1); *Navellier*, 29 Cal.4th at 88; *Equilon Enter's v.*

2  *Consumer Cause, Inc.*, 29 Cal.4th 53, 67 (2002).

3  **2.      Federal Pleading Standards Govern This Motion to Strike**

4          When a diversity defendant brings a California anti-SLAPP motion in a Ninth

5  Circuit district court, she may elect to attack the challenged pleading either on its face

6  or factually, based on the sufficiency of the evidence. *See Planned Parenthood v.*

7  *Center for Medical Prog.*, 890 F.3d 828, 833 (9th Cir. 2018) ("we will review anti-

8  SLAPP motions to strike under different standards depending on the motion's basis").

9  "If a defendant makes an anti-SLAPP motion to strike founded on purely legal

10  arguments, then the analysis is made under Fed. R. Civ. P. 8 and 12 standards; if it is a

11  factual challenge, then the motion must be treated as though it were a motion for

12  summary judgment . . . ." *Id.* (citation and quotations omitted).

13         Because Rabinowitz chooses the former and hereby moves "to strike based on

14  alleged deficiencies in the plaintiff's complaint, the motion must be treated in the

15  same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision

16  of § 425.16(c) applies." *Id.* at 834 (quoting *Rogers v. Home Shopping Network, Inc.*,

17  57 F.Supp.2d 973, 983 (C.D. Cal. 1999)).

18  **3.      Trendmood's Claims Are Subject to a Special Motion to Strike**

19         On the first prong, the moving defendant's burden is simply to demonstrate that

20  the alleged act of which the plaintiff complains was taken "in furtherance of the

21  person's right of petition or free speech," as defined in the statute. *Equilon Enter's*, 29

22  Cal.4th at 67 (quoting Cal. Civ. Proc. Code § 425.16(b)(1)). Defendants subject to a

23  SLAPP suit meet their burden by demonstrating that the alleged act underlying the

24  plaintiff's case fits any one or more of the four categories set forth in Section

25  425.16(e). *Navellier*, 29 Cal.4th at 88 (quoting *Braun v. Chronicle Publishing Co.*, 52

26  Cal.App.4th 1036, 1043 (1997)).

27         As used in this section, "act in furtherance of a person's right of petition
    or free speech under the United States or California Constitution in
28    connection with a public issue" includes: (1) any written or oral

3

SPECIAL MOTION TO STRIKE OR DISMISS FIRST AMENDED COMPLAINT

1   statement or writing made before a legislative, executive, or judicial
2   proceeding, or any other official proceeding authorized by law, (2) any
    written or oral statement or writing made in connection with an issue
3   under consideration or review by a legislative, executive, or judicial
    body, or any other official proceeding authorized by law, (3) any written
4   or oral statement or writing made in a place open to the public or a public
    forum in connection with an issue of public interest, or (4) any other
5   conduct in furtherance of the exercise of the constitutional right of
    petition or the constitutional right of free speech in connection with a
6   public issue or an issue of public interest.

7   Cal. Civ. Proc. Code § 425.16(e).

8   All three of the counts leveled against Rabinowitz by Trendmood (for libel *per*

9   *se*, libel and injunctive relief, respectively) are variations on the plaintiff's claim that

10  she defamed the company online with her November 12, 2020 Tweet. FAC [Dckt. No.

11  20] ¶¶ 27, 31–82; *see Gallimore v. State Farm Fire & Casualty Ins. Co.*, 102

12  Cal.App.4th 1388, 1400, n.9 (2002) ("The favored causes of action in SLAPP suits

13  [include] defamation"). This is a paradigm example of exactly the sort of case based

14  on alleged "conduct in furtherance of the exercise of the constitutional right of petition

15  or the constitutional right of free speech in connection with a public issue or an issue

16  of public interest" falling within the ambit of the anti-SLAPP statute. Cal. Civ. Proc.

17  Code § 425.16(e)(4).

18          a.      **The Statute Covers Any Issue In Which the Public May**

19                  **Be Interested**

20  Taken together, the legislative history and subsequent case law surrounding the

21  California anti-SLAPP statute demonstrate that "a public issue or an issue of public

22  interest" within its meaning necessarily includes "*any issue in which the public is*

23  *interested*. In other words, the issue need not be 'significant' to be protected by the

24  anti-SLAPP statute—it is enough that it is one in which the public takes an interest."

25  *Nygård, Inc. v. Uusi-Kerttula*, 159 Cal.App.4th 1027, 1042 (2008) (emphasis in

26  original); *see also Cross v. Cooper*, 197 Cal.App.4th 357, 371–83, (2011); *Church of*

27  *Scientology v. Wollersheim*, 42 Cal.App.4th 628, 650 (1996).

28

California courts have not hesitated to conclude that the orbit of SLAPP suits potentially encompasses such varied and relatively trivial topics as, *e.g.*:

- Cat breeding - *Traditional Cat Ass'n, Inc. v. Gilbreath*, 118 Cal.App.4th 392 (2004);
- Dating - *Ingels v. Westwood One Broadcasting Serv.*, 129 Cal.App.4th 1050 (2005)
- Plastic surgery - *Gilbert v. Sykes*, 147 Cal.App.4th 13 (2007);
- A shopping mall - *Ludwig v. Superior Court*, 37 Cal.App.4th 8 (1995);
- Sex offenders - *Mendoza v. ADP Screening & Selection Services, Inc.*, 182 Cal.App.4th 1644 (2010);
- Sports medicine - *Carver v. Bonds*, 135 Cal.App.4th 328 (2005); and
- Viatical settlements - *Wilbanks v. Wolk*, 121 Cal.App.4th 883 (2004).

"With these principles in mind," it is "clear that plaintiff's causes of action arise from defendants' protected activity within the meaning of the anti-SLAPP statute." *Brodeur v. Atlas Entertainment, Inc.*, 248 Cal.App.4th 665, 675–76 (2016) ("farcical scene about microwave ovens" in movie was "protected activity within the meaning of the anti-SLAPP statute").

### b.   Rabinowitz's Tweet Concerns Issues In Which the Public Is Legitimately Interested

According to the operative pleading, "Trendmood is one of the most recognized internet influencers in the health, beauty, and cosmetics industries." FAC [Dckt. No. 20] ¶ 17. The plaintiff boasts that it is both "a leader in . . . those industries" and "*the* leader in breaking news" thereabout. *Id.* ¶¶ 9, 2 (emphasis added). With over 1,000,000 Instagram followers, Trendmood characterizes its success as "meteoric" and its social media presence on "platforms such as Instagram and Twitter . . . as a viral sensation." *Id.* ¶¶ 17, 2.

Trendmood alleges that Rabinowitz has for years been an outspoken critic of the company and its Chief Marketing Officer, Sophie Shab, publicly questioning

5

"Trendmood's and Shab's business practices and beauty opinions." *Id.* ¶ 3; *see*, *e.g.*, *id.* ¶ 24 (defendant allegedly "criticized Trendmood about supporting a cosmetics product manufacturer who Rabinowitz considered socially and racially insensitive").

While at the same time frankly conceding that Rabinowitz's online comments were "likely protected by free speech under the First Amendment of the United Stated Constitution," Trendmood nevertheless admits that it previously sought to chill her vocal public challenges last year by having "its counsel draft and send Rabinowitz a cease-and-desist letter"—which the defendant then published on the Internet for the world to see. *Id.* ¶¶ 20, 25–26.

According to Trendmood, just a couple of months later in 2020 "another social media influencer" and friend of Ms. Shab's named Amanda Ensing—a highly provocative conservative white American who has been at the center of widespread public controversy[1]—engaged in a related dispute with Rabinowitz online. *Id.* ¶ 26. On November 12, 2020, the defendant (who herself has been the target of online anti-Semitism) posted to her Twitter account: "amanda, don't you or your boyfriend ever, EVER threaten me. i haven't broken ANY law. and to Trendmood, who is giving out my personal information, i have receipts . . . ." *Id.* ¶ 27, Ex. A, available at http://twitter.com/hereforthetea2/status/1327144657827094529.

Rabinowitz's Tweet in connection with this ongoing, passionate public exchange among high-profile Internet influencers—touching on sensitive and

---

[1] *See*, *e.g.*, Amanda Krause, *Conservative beauty fans are boycotting Sephora after the retailer cut ties with a pro-Trump influencer*, Insider, Feb. 2, 2021, http://www.insider.com/conservative-influencer-amanda-ensing-sephora-sponsorship-boycott-2021-2 ("Ensing has been criticized for praising Donald Trump, seemingly supporting the Capitol insurrection in January, blackfishing, and more"); Gianluca Russo, *Amanda Ensing: Why Influencers Are Calling the YouTuber Out*, Teen Vogue, Jan. 8, 2021, http://www.teenvogue.com/story/amanda-ensing-why-influencers-are-calling-the-youtuber-out.

important issues of race, religion, gender, power and politics—is of interest to members of the general public. *See Doe v. Gangland Productions, Inc.*, 730 F.3d 946, 955–57 (9th Cir. 2013). Such audience includes especially (but is certainly not limited to) consumers of the multibillion-dollar global health, beauty, and cosmetics industries. *See* Caitlin E. Lawson, *Skin deep: Callout strategies, influencers, and racism in the online beauty community*, New Media & Society, vol. 23, 3: pp. 596–612 (Feb. 2020).[2]

Indeed, prominent online reporters were publishing stories about the dispute among Rabinowitz, Ensing and Shab/Trendmood pre-litigation, and have subsequently reported about the case at bar during its pendency. *See, e.g., Here For The Tea vs Amanda Ensing vs Trendmood Drama*, Nov. 14, 2020, http://www.youtube.com/watch?v=vW8IJcWJ1sY; *Trendmood SUED Here For The Tea*, Mar. 14, 2021, http://www.youtube.com/watch?v=1RNrFuVY1CE. Those stories have garnered hundreds of comments and thousands of views by third parties around the globe over just a few months. *Id.*

Consequently, Rabinowitz's November 12, 2020 Tweet at issue (Exhibit A to the First Amended Complaint, which apparently forms the entire basis for Trendmood's claims) qualifies as both a communication "made in a place open to the public or a public forum in connection with an issue of public interest," and "conduct

---

[2] Although the anti-SLAPP statute is often used in matters involving widespread public interest, Section 425.16 may also be invoked "in the context of an ongoing controversy, dispute or discussion" that involves a limited but definable segment of the public. *FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal.5th 133, 145 (2019) (quoting *Du Charme v. Int'l Brotherhood of Electrical Workers*, 110 Cal.App.4th 107, 119 (2003)); *see Damon v. Ocean Hills Journalism Club*, 85 Cal.App.4th 468, 479 (2000) ("The definition of 'public interest' within the meaning of the anti-SLAPP statute has been broadly construed to include . . . also private conduct that impacts a broad segment of society and/or that affects a community"); *see also Briggs*, 19 Cal.4th at 1116.

in furtherance of the exercise of . . . the constitutional right of free speech in connection with a public issue or an issue of public interest" under subsections (3) and (4) of Section 425.16(e). *See Barrett v. Rosenthal*, 40 Cal.4th 33, 41, n.5 (2006) ("Web sites accessible to the public . . . are 'public forums' for purposes of the anti-SLAPP statute"); *Huntingdon Life Sciences v. SHAC USA*, 129 Cal.App.4th 1228, 1247 (2005) (same).

### 4. It Is Not Probable That Trendmood Would or Could Prevail

As this action arises from the defendant's alleged protected expressive activity, the burden is on Trendmood to demonstrate a probability that it will prevail on the merits. Cal. Civ. Proc. Code § 425.16(b)(1); *Navellier*, 29 Cal.4th at 88; *Equilon Enter's*, 29 Cal.4th at 67. The plaintiff cannot possibly do so, however, because (even accepted *arguendo* as true) the factual allegations in its First Amended Complaint fail on their face to state a claim against Rabinowitz upon which relief can be granted.

### a. Rabinowitz's Actual Statement Is Not Libel *Per Se*

Trendmood's entire action ultimately appears to be founded on its claim that Rabinowitz libeled the company via Twitter when, on November 12, 2020, the defendant "falsely accused Trendmood of engaging in a doxing campaign against her and violating multiple sections of the California Penal Code and potentially federal law . . . ." FAC [Dckt. No. 20] ¶¶ 33, 56; *see also id.* ¶¶ 4, 27, 30, 81. As belied by the very exhibit attached to the operative pleading, however, Rabinowitz plainly *never* in fact said any such things. Compare, *Id.* Ex. A.

The Court will readily observe that Rabinowitz does not in reality use the word "doxing" at all in her Tweet. *Id.* She never says anything about Section 653.2 (or any provision) of the California Penal Code, federal statutes, stalking/cyberstalking or criminal law whatsoever. *Id.* Rather, those are entirely Trendmood's *own* words, which it is erroneously misattributing to Rabinowitz. A defamation plaintiff cannot bootstrap itself into stating a potentially viable claim by forcing words into the mouth of a defendant who did not truly utter them.

1   All that Rabinowitz herself is instead alleged to have actually written is (in

2   relevant part): "Trendmood . . . is giving out my personal information," which is a

3   relatively innocuous and equivocal assertion open to rather broad interpretation. *Id.* ¶

4   27, Ex. A. "A libel which is defamatory of the plaintiff without the necessity of

5   explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to

6   be a libel on its face." Cal. Civ. Code § 45a; *see Bartholomew v. YouTube, LLC*, 17

7   Cal.App.5th 1217, 1226 (2017) ("There are generally two types of libel recognized in

8   California—libel *per se* and libel *per quod*").

9   Because Rabinowitz's alleged statement that the plaintiff was giving out her

10   personal information, standing alone, is not immediately defamatory without the aid

11   of any further explanatory matter, it does not constitute libel *per se*. *Bartholomew*, 17

12   Cal.App.5th at 1226–27. Count I of Trendmood's FAC thus fails as a matter of law.

13   **b.   Rabinowitz's Statement Is Not Libel *Per Quod***

14   Count II in the FAC likewise fails as a matter of law because Rabinowitz's

15   November 12, 2020 Tweet does not constitute libel *per quod* either.

> Libel is recognized as either being *per se* (on its face), or *per quod*
> (literally meaning, "whereby"), and each requires a different standard of
> pleading. If no reasonable reader of a publication could impute to a
> statement therein a meaning which tended to harm the reputation of the
> plaintiff in any of the respects enumerated in Civil Code section 45,[3] then
> there is no libel at all. If a defamatory meaning appears from the
> language itself without the necessity of explanation or the pleading of
> extrinsic facts, there is libel *per se*. If, however, the defamatory meaning
> would appear only to readers who might be able to recognize it through
> some knowledge of specific facts and/or circumstances, not discernible
> from the face of the publication, and which are not matters of common
> knowledge rationally attributable to all reasonable persons, then the libel
> cannot be libel *per se* but will be libel *per quod*.

---

[3] "Libel is a false and unprivileged publication by writing, printing, picture,
effigy, or other fixed representation to the eye, which exposes any person to hatred,
contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or
which has a tendency to injure him in his occupation." Cal. Civ. Code § 45.

1    *Palm Springs Tennis Club v. Rangel*, 73 Cal.App.4th 1, 5 (1999) (citing, *inter alia*,

2    *MacLeod*, *MacLeod v. Tribune Publishing Co.*, 52 Cal.2d 536, 549 (1959).

3        Whether a statement can reasonably be given any defamatory
         interpretation is a legal question that we must resolve by determining the
4        sense or meaning of the statements, under all the circumstances attending
         the publication, according to the natural and popular construction which
5        would be ascribed to them by the average reader.

6    *Id.* (citing *MacLeod*, 52 Cal.2d at 546–47). "The court must put itself in the place of

7    an 'average reader' and decide the 'natural and probable effect' of the statement."

8    *Hofmann Co. v. EI Du Pont de Nemours & Co.*, 202 Cal.App.3d 390, 398 (1988)

9    (quoting *Baker v. Los Angeles Herald Examiner*, 42 Cal.3d 254, 260 (1986)).

10       Rabinowitz's words here merely reflect her belief that Trendmood had

11   communicated some unspecified "personal information" about her, which could mean

12   any one of innumerable things—literally anything from the defendant's ethnic identity

13   or eye color to her favorite color, or even her favorite flavor of ice cream. If

14   Trendmood and/or some third parties unaffiliated with Rabinowitz somehow

15   independently interpreted her Tweet to necessarily instead refer to "personally

16   identifiable information" or "personal *identifying* information" as that legal term of art

17   is used in California's doxing statute, then their unilateral understanding is certainly

18   not attributable to the defendant, who never wrote any such thing. Cal. Pen. Code §

19   653.2(a).[4]

20

---

21

22       [4] Furthermore, in order to have actually accused the plaintiff of violating Penal
     Code Section 653.2, Rabinowitz would also need to have Tweeted, *inter alia*, that (1)
23   Trendmood used an electronic communication device to send, publish or make
     available (2) personal identifying information or photos (3) without consent from
24   Rabinowitz and (4) with the intent to place her in reasonable fear for her safety or the
     safety of her immediate family (5) for the purpose of imminently causing Rabinowitz
25   unwanted physical contact, injury or harassment by a third party, and that (6) such
     disclosure would be likely to incite or produce that unlawful action. *See People v.*
26   *Shivers*, 235 Cal.App.4th Supp. 8, 10 (2015). Trendmood acknowledges as much, but
27   does not allege that Rabinowitz in fact did so, which she did not. *See* FAC [Dckt. No.
28              (footnote continued)

Such hairsplitting analysis of language has no place in the law of defamation, dealing as it does with the impact of communications between ordinary human beings. It is inconsistent with the rule that the publication is to be measured not so much by its effect when subjected to the critical analysis of a mind trained in the law, but by the natural and probable effect upon the mind of the average reader.

*Selleck v. Globe Int'l, Inc.*, 166 Cal.App.3d 1123, 1131 (1985) (quoting *MacLeod*, 52 Cal.2d at 550–51).

Because Rabinowitz's Twitter post "is not reasonably susceptible of a defamatory meaning," Trendmood fails to state a claim upon which relief may be granted. *Brodeur v. Atlas Entertainment, Inc.*, 248 Cal.App.4th at 680 (denial of anti-SLAPP motion reversed).

### c.     Trendmood Fails to Adequately Allege Special Damage

As discussed in the section immediately *supra*, the plain language of Rabinowitz's November 12, 2020 Tweet is not a libel on its face. Cal. Civ. Code § 45a. "Defamatory language not libelous on its face is not actionable unless the plaintiff alleges and proves that he has suffered special damage as a proximate result thereof." *Id.* This requirement is especially strong where, as here, the plaintiff is not a natural person capable of suffering dignitary or emotional harm, but rather a corporation whose only conceivable damages could be monetary.

The rote, formulaic recitations of injury set forth in support of Count II come nowhere near the exacting level of detailed factual specificity that would be required in order for Trendmood to state a claim for libel *per quod*. *See, e.g.*, FAC [Dckt. No. 20] ¶ 72,  49 ("Rabinowitz's defamatory statements caused Trendmood to lose employment and income"). Trendmood fails to plead any facts supporting how it suffered damage, or the purported causal chain between Rabinowitz's statement and its alleged damages, or the amount of the damages. Trendmood has not pleaded

20] ¶ 28.

special damages.  Fed. R. Civ. Proc. 9(g) ("If an item of special damage is claimed, it must be specifically stated."); *Gang v. Hughes*, 111 F.Supp. 27, 29 (S.D. Cal.1953) ("A general allegation of loss of business is not a sufficient allegation of special damages. A plaintiff must allege the specific manner in which he lost business as a result of the defamation.").

Thus, even if the November 12, 2020 Tweet were found reasonably susceptible to the tortured interpretation alleged by Trendmood, the First Amended Complaint would nonetheless still state no cognizable claim upon which relief could be granted due to its wholesale failure to allege special damage in any more than conclusory, *pro forma* terms.

### d.   Trendmood Fails to Adequately Allege Actual Malice

Self-proclaimed as "a viral sensation" and "one of the most recognized internet influencers" in the world with millions of social media followers, Trendmood is clearly a general or at least limited purpose public figure. FAC [Dckt. No. 20] ¶¶ 2, 17. As a public figure, it would have to plead and ultimately prove in this libel action that Rabinowitz published her allegedly defamatory Tweet knowing that it was false or with a reckless disregard for the truth. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974); *see Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 270 (9th Cir. 2013) ("mere proof of her failure to investigate the veracity of such allegations does not establish reckless disregard for the truth").

As with respect to special damages (discussed above), Trendmood's only allegations in its amended complaint regarding the issue constitute bare recitations of the elements of actual malice, unsupported by any factual explication. FAC [Dckt. No. 20] ¶¶ 43–45, 66–68. Such conclusory contentions, standing alone, are insufficient under modern federal pleading standards. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) ("after *Iqbal* and *Twombly*, every circuit that has considered the matter has applied the *Iqbal*/*Twombly* standard and held that a defamation suit may be

1  dismissed for failure to state a claim where the plaintiff has not pled facts sufficient to
2  give rise to a reasonable inference of actual malice").

3  　　　"Instead, a public-figure plaintiff must plead plausible grounds to infer actual
4  malice by alleging enough facts to raise a reasonable expectation that discovery will
5  reveal evidence of actual malice." *Biro v. Condé Nast*, 807 F.3d 541, 546 (2d Cir.
6  2015) (citation and punctuation omitted). Trendmood did not do so even when
7  amending its complaint after such defect in the original pleading was pointed out to
8  counsel when meeting and conferring.

9  　　　The FAC fails the second prong of the anti-SLAPP test as a result, and it is too
10  late to attempt to cure the fatal shortcoming by further amendment now. *Salma v.*
11  *Capon*, 161 Cal.App.4th 1275, 1293–94 (2008) (plaintiff cannot "avoid a pleadings
12  challenge pursuant to Code of Civil Procedure section 425.16 by amending the
13  challenged complaint").

14  　　　　　**e.**　　　**Trendmood Fails to Clearly Identify the Allegedly**
15  　　　　　　　　**Defamatory Statement(s) at Issue**

16  　　　This motion follows two telephonic conferences pursuant to Local Rule 7-3
17  during which counsel for the parties discussed a number of pleading deficiencies. The
18  first conference was conducted in connection with an anticipated motion to strike or
19  dismiss Trendmood's original complaint, and the latter as a preface hereto.

20  　　　Following the first call, Trendmood voluntarily amended its pleading as a
21  matter of course. Fed. R. Civ. P. 15(a). In its FAC, Trendmood remedied its prior
22  failure to attach a copy of the Tweet or quote its allegedly defamatory contents *in haec*
23  *verba* as part of the original pleading. Compare, Complaint [Dckt. No. 1] ¶ 27.[5]

24  

25  　　　[5] Trendmood is in violation of the Court's directive to "attach as an appendix to
26  all amended pleadings a 'redline' version of the amended pleading showing all
   additions and deletions of material from the most recent prior pleading." Initial
27  Standing Order [Dckt. No. 16] ¶ 13.
28

Bafflingly, however, Trendmood still makes repeated references in its amended pleading to Instagram and Reddit, in addition to Twitter. FAC [Dckt. No. 20] ¶¶ 30, 34, 36–38, 46, 48, 57, 59–61, 69, 71 (Instagram); ¶¶ 30, 35, 58 (Reddit). Trendmood provides no quotations from or copies of any Instagram and Reddit posts and, when subsequently pressed, counsel for Trendmood was unable to proffer any screenshots of or links to allegedly defamatory posts made by Rabinowitz on either of those platforms. Accordingly, this motion focuses on the Tweet attached as Exhibit A to the First Amended Complaint.

### 5. Rabinowitz Is Entitled to Recover Attorneys' Fees and Costs

The mandatory attorneys' fees provision of the California anti-SLAPP statutory scheme is available to defendants like Rabinowitz in federal diversity cases. *See*, *e.g.*, *Graham-Sult v. Clainos*, 756 F.3d 724, 751 (9th Cir. 2014); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). She will subsequently bring a regular noticed motion to recover her fees and costs at the appropriate time, after this motion has been granted and Rabinowitz is deemed "a prevailing defendant on a special motion to strike." Cal. Civ. Proc. Code § 425.16(c)(1).

### B. The Complaint Is Subject to Dismissal for Failure to State a Claim

The Court may dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face" and "raise [that] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff's claim meets the plausibility threshold by pleading "factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

If the Court finds that California's anti-SLAPP statute somehow does not apply, then the FAC should nevertheless be dismissed because Trendmood has not pled, and

will never be able to plead, a valid claim for defamation; for all of the reasons stated hereinabove, the plaintiff has no viable claim as a matter of law.

Practically any amendment would be futile, given that there appears to be no reasonable dispute as to what words Rabinowitz actually did—and did *not*—write in her Tweet on November 12, 2020. FAC [Dckt. No. 20] ¶ 27, Ex. A. No amount of additional factual allegations could change that her statement simply is not libelous as a matter of law (although Trendmood is invited to propose in its opposition specific facts that it intends to plead in any amendment). Accordingly, dismissal should be with prejudice. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).

## III.   **CONCLUSION**

For the foregoing reasons, defendant Samantha Rabinowitz respectfully requests that the First Amended Complaint be stricken in its entirety, with prejudice, and that she be awarded her attorneys' fees and costs pursuant to California Code of Civil Procedure Section 425.16. In the alternative, Rabinowitz respectfully requests that the operative complaint be dismissed without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED: May 24, 2021                    HARDER LLP

                                       By:  /s/ Henry L. Self III
                                            HENRY L. SELF III
                                       Attorneys for Defendant
                                       SAMANTHA RABINOWITZ